E-FILED
Tuesday, 21 April, 2026  01:55:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DEANTHONY TERRANCE PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-4143-SLD |
| | ) | |
| DR. CATHERINE LARRY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

<u>OPINION</u>

Before the Court is Petitioner DeAnthony Terrance Parker's Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1), Motion to Request Counsel (Doc. 18), and

Motion for Recognition (Doc. 22), as well as Respondent's Motion to Dismiss (Doc. 19).  For

the reasons below, the Court DENIES Petitioner's Motion to Request Counsel (Doc. 18),

DISMISSES Petitioner's Motion for Recognition (Doc. 22), GRANTS Respondent's Motion to

Dismiss (Doc. 19), DENIES Petitioner's Petition (Doc. 1) and DECLINES to issue a certificate

of appealability.

## I. BACKGROUND[1]

Petitioner is currently incarcerated at Joliet Treatment Center with a projected parole date

of July 15, 2030.  *See* Individual in Custody Search, available at

https://idoc.illinois.gov/offender/inmatesearch.html (last visited Apr. 20, 2026).  He currently has

five undischarged sentences, but his § 2254 Petition appears to challenge only two: his 2016

convictions for robbery in *People v. Parker*, No. 14-CF-827 (Rock Island Cnty. Cir. Ct.) and

---

[1] Unless otherwise noted, the facts are taken from Respondent's brief.  *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

unlawful possession of a weapon by a felon conviction (UPWF) in *People v. Parker*, No. 14-CF-929 (Rock Island Cnty. Cir. Ct.).[2]  Petitioner filed a direct appeal in both cases.  In the robbery case, the Illinois Appellate Court affirmed his conviction and sentence on June 14, 2019.  *People v. Parker*, No. 3-16-0455 (Ill. App. Ct. June 14, 2019).  He then filed a petition for leave to appeal (PLA) to the Illinois Supreme Court, which was denied on September 25, 2019.  *People v. Parker*, No. 125059 (Ill. Sept. 25 2019).  In his UPWF case, Petitioner filed a direct appeal, and the appellate court affirmed on February 26, 2020.  *People v. Parker*, No. 3-15-0456 (Ill. App. Ct. Feb. 26, 2020).  Petitioner did not file a PLA with the Illinois Supreme Court in this case. Petitioner did not file any state postconviction motions in either case.

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 25, 2025.  Petitioner's claims are not clear, but he potentially raises claims that: (1) the evidence at his trial(s) was insufficient to prove his guilt, (doc. 1 at 5); (2) trial counsel was ineffective because all of counsel's motions were denied, *id*. at 6; and (3) petitioner's Sixth Amendment right was violated because the venire did not include minority members, *id*.

Respondent filed a Motion to Dismiss, arguing that the claims are untimely.  (Doc. 19.) Petitioner filed a response (Doc. 21), as well as a Motion to Request Counsel (Doc. 18) and a Motion for Recognition (Doc. 22).  This Order now follows.

## II. DISCUSSION

### A. Petitioner's § 2254 Petition is Untimely.

A one-year statute of limitations that applies to federal habeas petitions challenging state

---

[2] The Court notes that under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." *See also Magwood v. Patterson*, 561 U.S. 320, 334 n.9 (2010).  However, because challenges to either proceeding are untimely and in the interests of judicial economy, the Court will analyze the challenges to both convictions in this proceeding.

court convictions.  *See* 28 U.S.C. § 2244(d).  The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).  The limitations period is ordinarily calculated under § 2244(d)(1)(A).  *Mayle v. Felix*, 545 U.S. 644, 662 (2005).  Under subsection (A), the relevant "judgment" is the date on which the conviction and sentence become final.  *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007).  However, the statute of limitations is tolled during the pendency of a properly filed application for state postconviction relief.  *See* 28 U.S.C. § 2244(d)(2).

Here, Petitioner's § 2254 Petition was filed long after both of the challenged convictions became final.  The judgment in Petitioner's robbery case became final on December 24, 2019, ninety days after the Illinois Supreme Court denied his PLA, which is when the time to file a petition for writ of certiorari with the United States Supreme Court expired.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (judgment becomes final upon expiration of deadline to petition for writ of certiorari).  Petitioner's § 2254 Petition was due one year later, on December 24, 2020.  However, Petitioner's § 2254 Petition was filed in July 2025, making it over four years late.

Petitioner's UPWF conviction became final on May 6, 2020, when Petitioner's deadline to file a PLA with the Illinois Supreme Court expired.  *See Lee v. Pfister*, No. 13-CV-2034, 2013

WL 3833044, at *2 (C.D. Ill. July 24, 2013) (judgment became final when time for filing PLA expired); In re Ill. Courts Response to COVID-19 Emergency, M.R. 30370 (Ill. Aug. 27, 2020), available at https://www.illinoiscourts.gov/Resources/ 5a988dae-5e32-472a-ab83-4eebce1f6cae/082720-2.pdf (Illinois Supreme Court's COVID order extending PLA deadline from 35 days to 70 days). Petitioner's § 2254 Petition was due one year later, on May 6, 2021. Again, Petitioner's § 2254 Petition was filed in July 2025, making it over four years late to challenge this conviction as well.

The Court very liberally reads Petitioner's filings as raising the issue of equitable tolling, but finds that equitable tolling is not available. "In some circumstances, the doctrine of equitable tolling permits a federal habeas petitioner to overcome a breach of AEDPA's one-year limitations period." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citing *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). However, equitable tolling is only available if the petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. Diguglielmo,* 544 U.S. 408, 418 (2005). The petitioner seeking the tolling has the burden of demonstrating both elements of the *Holland* test. *Carpenter*, 840 F.3d at 870 (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)). And, if either element is not met, the petitioner is not entitled to equitable tolling. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755–56 (2016). The Seventh Circuit has held that mental illness can qualify as an extraordinary circumstance. *Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014). However, the petitioner must show that his mental illness "*in fact* prevent[ed] [him] from managing his affairs and thus from understanding his legal rights and acting upon them." *Carpenter*, 840 F.3d at 872 (internal citations omitted). "Although not a

chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Id*. at 870 (quotation marks omitted).

Here, Petitioner's filings show that Petitioner has been classified as severely mentally ill, but do not support a finding that this his mental illness was an extraordinary circumstance that actually prevented him from managing his affairs and understanding and acting on his legal rights. (Doc. 21 at 1). He has attached portions of presentence reports from his criminal cases that show a history of mental illness going to back to childhood and report that Petitioner has low academic skills. *Id.* at 6–7. Petitioner has also attached a Mental Health Progress Notes and Psychiatric Progress Notes from June 2020. *Id.* at 10–18. These documents indicate that Petitioner is classified as "SMI" or severely mentally ill by the Illinois Department of Corrections. *Id.* at 10. However, these notes report that on June 10, 2020, Petitioner "described his mood as 'good' and he was not in any acute distress. He was not delusional and he did not report any auditory hallucinations." *Id.* at 10. He was evaluated as "cooperative," oriented, "appropriately groomed," and "clear/coherent." *Id.* at 12. Ultimately, the report concluded that he "had no acute emotional distress or abnormal thinking," *id.* at 13, and that his "mental illness was not a contributing factor in" a disciplinary offense, *id.* at 10. Overall, while these documents support that Petitioner has mental health challenges, they do not support any finding that his mental health issues preventing him from managing his affairs. On the contrary, these documents indicate that Petitioner's mental health issues did not prevent him from generally understanding his actions and the legal process.

Moreover, the Court takes judicial notice that Petitioner was also convicted of additional crimes between when his federal petition filing deadline expired and when he filed his petition. *See Illinois v. Parker,* 2021CF6 (Johnson Cnty., Ill., Cir. Ct.) (guilty plea to two counts of

aggravated battery of peace officer on March 31, 2024); *Illinois v. Parker,* 2024CF128 (Livingston Cnty., Ill., Cir. Ct.) (guilty plea to aggravated battery of peace officer on September 11, 2024).  The electronic docket in these cases does not indicate that at any point during either proceeding were concerns regarding Petitioner's competency raised.  Put simply, Petitioner has not met his burden of showing that his mental illness prevented him from managing his affairs in such a profound way as to qualify as exceptional circumstances.  Rather, the evidence submitted and available indicates that had the capacity to understand his legal rights generally and act upon them.  Accordingly, the Court does not find any basis to apply equitable tolling and must dismiss the Petition as untimely.

**B.     Petitioner's Additional Motions (Docs. 18, 22) are Denied.**

Petitioner has filed a motion requesting counsel.  (Doc. 18).  A district court has discretion to appoint counsel to any financially eligible person seeking relief under 28 U.S.C. § 2241, 2254, or 2255, if the interests of justice so require.  18 U.S.C. § 3006A(a)(2)(B); *see also Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).  When confronted with a motion to appoint counsel, the Court should ask whether the Petitioner has made efforts to obtain counsel and whether the Petitioner appears competent to litigate the case himself. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  Here, Petitioner has made no efforts to obtain counsel.  The Court recognizes that Petitioner's motion claims that he is seriously mentally ill and that he has only been able to submit filings through the assistance of his aid/ helper.  However, the Court finds that counsel could not impact the result in this straightforward case and the interests of justice do not require appointment of counsel.  Accordingly, the motion (doc. 18), is DENIED.

Additionally, Petitioner has filed a Motion for Recognition (Doc. 22), which consists of duplicate copies of motions that had already been filed with the Court. *See* Docs. 14, 18. This motion (doc. 22) is dismissed as a duplicative filing.

### III. CERTIFICATE OF APPEALABILITY

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claims are untimely. Accordingly, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

Accordingly, the Court DENIES Petitioner's Motion to Request Counsel (Doc. 18), DISMISSES Petitioner's Motion for Recognition (Doc. 22), GRANTS Respondent's Motion to Dismiss (Doc. 19), DENIES Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 Petition (Doc. 1) and DECLINES to issue a certificate of appealability. This case is CLOSED. The Clerk is DIRECTED to issue judgment in favor of Respondent.

Signed on this 21st day of April 2026.

/s/ Sara Darrow
Sara Darrow
United States District Judge